■ In the Matter of SYLVIA V. KARIM, Petitioner, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78, as limited by petitioner's brief, to review so much of respondent's determination dated November 20, 1973, as, upon rejecting a determination of Community School District No. 23, made after a hearing, that petitioner be dismissed for cause and her license revoked,

directed that she be granted a leave of absence without pay from December 16, 1970 through April 19, 1971 and from September 1, 1971 through January 31, 1972. Determination annulled, on the law, insofar as it directed that petitioner be granted a leave of absence without pay from December 16, 1970 through April 15, 1971 and respondent is directed to pay petitioner her salary for that period. Determination otherwise confirmed insofar as reviewed, with costs to petitioner. Petitioner, a teacher in respondent's employ since 1958, was absent from school because of personal and family illnesses from October 6, 1970 until December 16, 1970. Upon her return to school, she was informed that she could not return to her classroom or clock in because she was required to submit certain medical and leave of absence forms. She was also told that the matter of her absence had been referred to the Office of Personnel of the Board of Education, which then had control of the matter. She attempted to obtain permission to return to work from the office of personnel and her local district office, but such permission was not granted until April 15, 1971. However, she did not return at that point because of personal family problems. On June 21, 1971 she was charged with having taken unauthorized absences. She was later absolved of this charge. Petitioner is entitled to receive back pay for the period of December 16, 1970 through April 15, 1971. Upon returning to school on December 16, 1970 she made a good faith effort to resume her teaching duties. She contacted the office of personnel and the district office in an effort to obtain permission to return to her classroom duties. She was continually shuttled about within the school system bureaucracy and, although entitled to a return of her position, did not receive permission to return to school until April 15, 1971. The treatment she received during this period was violative of section 2590-j (subd 7, par [e]) of the Education Law, which deals with the suspension of teachers who have had charges filed against them. Although no formal charges were filed against petitioner until June 21, 1971, the treatment she received after December 16, 1970 was the equivalent of a suspension because she was not permitted to work, although ready, willing and able to do so. She is entitled to back pay for the period of her informal suspension. Petitioner is not entitled to back pay for the period of April 16, 1971 through January 31, 1972. She received permission to return to work on April 15, 1971 and her failure to do so has not been explained. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.